**FILED**
**Oct 08, 2019**
**09:11 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT MEMPHIS

| | |
|---|---|
| **Christopher Dennis,** | **Docket No.: 2018-08-1446** |
| **Employee,** | |
| **v.** | **State File No.: 78312-2018** |
| **Memphis Light, Gas & Water,** | |
| **Employer.** | **Judge Deana Seymour** |

---

## EXPEDITED HEARING ORDER

---

The Court convened an Expedited Hearing on September 23, 2019, to determine Christopher Dennis's entitlement to additional medical and temporary disability benefits stemming from a work-related truck accident. MLGW denied the additional benefits, contending Mr. Dennis's ongoing symptoms are not primarily related to the accident. Based on the medical proof, the Court agrees and holds Mr. Dennis is not likely to prevail at trial on his claim for additional benefits at this time. His request is denied.

### History of Claim

Mr. Dennis worked as an operator for MLGW. He claimed injuries to his wrists, right shoulder, and low back from an accident in an MLGW truck on September 21, 2018. According to Mr. Dennis, he was a restrained passenger in the truck that hit a pole. On impact, he braced himself with his hands against the dash and experienced pain in his wrists, right shoulder, and back where he had never had pain before. MLGW provided him with a panel from which he chose Dr. Robert Riley Jones.[1]

Dr. Jones treated Mr. Dennis's wrist and shoulder complaints with medication and restricted duty. He also ordered MRIs, which revealed a possible right-wrist ligament

---

[1] Mr. Dennis chose Concentra from an initial panel but did not provide records from that treatment. He also visited the emergency room on his own before treating with Dr. Jones.

tear, a ligament tear, subluxation, and incomplete fracture of the left wrist, and a partially torn tendon, tendinosis, and multiple bursa loose bodies in the right shoulder.[2]

After reviewing the MRIs with a radiologist, Dr. Jones concluded the results "were all chronic changes" that "take months to develop." He noted that they "did not meet the 51% rule."[3] Dr. Jones diagnosed right-shoulder contusions and bilateral wrist strains from the accident and released him on October 12 with no permanent impairment, restrictions, or anticipated treatment of his work injuries. He suggested that Mr. Dennis consult his personal physician for further care.

Taking that advice, Mr. Dennis went to Dr. Norfleet Thompson, who reviewed the diagnostic studies and noted "age indeterminate" abnormal findings in both wrists and right shoulder. Dr. Thompson concluded, "[T]hese are likely underlying problems aggravated by his car wreck." He noted "underlying early arthritis and widening of the scapholunate region" that "looks chronic."

Mr. Dennis also pursued unauthorized treatment at Champion Orthopedic and received diagnoses of ruptured right-wrist ligament, left-wrist fracture, and an "unspecified" right-rotator cuff tear or rupture. The providers did not address causation but noted degenerative findings.

Mr. Dennis disagreed with Dr. Jones's conclusion that the torn ligaments and fracture in his wrists were pre-existing, chronic changes unrelated to the accident. He took three months of medical leave and saw other doctors, but he did not obtain medical opinions primarily relating his ongoing pain to his work accident. He returned to MLGW, where he continues to work without restrictions.

### Findings of Fact and Conclusions of Law

Mr. Dennis must provide sufficient evidence from which the Court can determine he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Specifically, resolution of the issue turns on whether Mr. Dennis established the accident caused or aggravated his degenerative condition and led to his current complaints.

To prevail, Mr. Dennis must prove that his condition "arose primarily out of and in the course and scope of employment" or that he suffered an aggravation of a pre-existing condition that "arose primarily out of and in the course and scope of employment." Tenn.

---

[2] Mr. Dennis᾽s low-back symptoms resolved, so Dr. Jones did not order a spine MRI.

[3] Dr. Jones misstates the correct legal standard. As explained in the next section, it must be shown to a reasonable degree of medical certainty that the employment contributed "more than *fifty percent*" in causing the need for medical treatment, considering all causes. (Emphasis added.)

Code Ann. § 50-6-102(14)(A) (2018). An injury "arises primarily out of and in the course and scope of employment" only if it has been shown by a preponderance of the evidence that the employment contributed "more than fifty percent (50%) in causing the injury or his need for medical treatment of the pre-existing condition, when considering all causes." Tenn. Code Ann. § 50-6-102(14)(B). Medical evidence is generally required to establish a causal relationship, "[e]xcept in the most obvious, simple and routine cases." *Berdnik v. Fairfield Glad Community Club*, 2017 TN Wrk. Comp. App. Bd. LEXIS 32, at *10-11 (May 18, 2017). The Court finds this is not an obvious, simple and routine case, and medical evidence is required to establish a causal relationship.

The opinion of the authorized treating physician, selected by the employee from the employer's designated panel of physicians, is presumed correct as to causation, but this presumption can be rebutted by a preponderance of the evidence. Tenn. Code Ann. § 50-6-102(14)(E).

In this case, MLGW does not dispute the accident but disputes whether Mr. Dennis's current need for treatment relates to the accident. MLGW relies on Dr. Jones's conclusions that Mr. Dennis's need for treatment was primarily due to non-work related degenerative conditions. As ATP, Dr. Jones's opinion is presumed correct.

The Court found Mr. Dennis sincere in his testimony and does not disregard that testimony. However, the Court cannot order medical benefits based on his testimony alone, as the Court cannot make independent medical determinations without expert medical proof. *Thompson v. Comcast Corp.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *31 (Jan. 30, 2018). Mr. Dennis cannot rely on his own interpretation of the medical proof to successfully support his argument for treatment. Instead, he must present sufficient medical evidence indicating he is likely to prevail at trial regarding causation. *Arciga v. AtWork Pers. Servs.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 6, at *8-9 (Feb. 2, 2016).

The Court finds Mr. Dennis did not present sufficient medical proof that his need for treatment is causally related to his work accident. Without this proof, the Court holds he is unlikely to prevail at trial and denies his request for treatment at this time.

As for Mr. Dennis's request for temporary disability benefits, he must prove (1) disability from working as a result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Shepherd v. Haren Constr. Co., Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016). Without sufficient medical proof, the Court holds Mr. Dennis is also unlikely to prevail at trial on his claim for temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Dennis's requests for medical and temporary disability benefits are denied at this time.

2. This case is set for a Scheduling Hearing on **November 18**, 2019, at **9:30** a.m. Central. You must call 615-532-9550 or toll-free at 866-943-0014 to participate in the Hearing. Failure to call might result in a determination of the issues without your participation.

**ENTERED October 8, 2019.**

_____
**Judge Deana C. Seymour**
**Court of Workers' Compensation Claims**

APPENDIX

Technical record:
1.    Petition for Benefit Determination
2.    Dispute Certification Notice
3.    Request for Expedited Hearing along with Affidavit of Christopher Dennis
4.    Medical Records Certification and Records submitted by Mr. Dennis
5.    Employer's Exhibit List
6.    Employer's Witness List
7.    Employer's Medical Records Designation
8.    Pre-Compensation Hearing Statement

Exhibits:
1.    First Report of Injury
2.    Choice of Physicians Form – Concentra
3.    Choice of Physicians Form – Dr. Jones
4.    Medical records of Dr. Jones
5.    Final Medical Report of Dr. Jones
6.    Medical Records of Champion Orthopedics
7.    Medical Records of Campbell Clinic
8.    Imaging Records – MRI Reports
9.    Desoto Imaging Specialists Records
10.   Accident Photographs

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on October 8, 2019.

| Name | Certified Mail | Via USPS | Via Email | Service sent to: |
|---|---|---|---|---|
| Christopher Dennis, Self-Represented Employee | X | X | | 1182 S. Willett Street Memphis, TN 38106 |
| Salwa Adnan Bahhur, Employer's Attorney | | | X | Salwa@thehuntfirm.com |

_____
**Penny Shrum, Court Clerk**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



## Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



Docket #: _____

State File #/YR: _____

**Employee**

v.

**Employer**

## Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

## Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

## Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits

☐ Medical benefits for current injury

☐ Medical benefits under prior order issued by the Court

## List of Parties

**Appellant (Requesting Party):**_____ At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)

**Appellee (Opposing Party):**_____ At Hearing: ☐ Employer ☐ Employee

Appellee's Address: _____

Appellee's Phone:_____ Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____ day of_____, 20___

[Signature of appellant or attorney for appellant]  _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

| | | | |
|---|---|---|---|
| Groceries | $ _____ per month | Telephone | $ _____ per month |
| Electricity | $ _____ per month | School Supplies | $ _____ per month |
| Water | $ _____ per month | Clothing | $ _____ per month |
| Gas | $ _____ per month | Child Care | $ _____ per month |
| Transportation | $ _____ per month | Child Support | $ _____ per month |
| Car | $ _____ per month | | |
| Other | $ _____ per month (describe: _____ ) | | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe: _____ |

11. My debts are:

Amount Owed        To Whom

_____       _____

_____       _____

_____       _____

_____       _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                            RDA 11082